PER CURIAM:
Claimant brought this action for vehicle damage which occurred when he *34 maneuvered his 2008 Honda Accord onto the curb to avoid holes on Virginia Avenue in Bridgeport, Harrison County. Virginia Avenue is a road maintained by respondent. The Court is of the opinion to make an award for the reasons more folly stated below.
The incident giving rise to this claim occurred between 4:30 p.m. and 5:00 p.m. on March 13, 2008. The speed limit on Virginia Avenue is twenty-five miles per hour. At the time of the incident, the claimant was driving between ten to fifteen miles per hour on the 300 block of Virginia Avenue towards downtown Bridgeport. When claimant noticed that there were holes on the road, he swerved his vehicle to the right and onto the curb to avoid the holes. The vehicle’s right front rim was cut when he struck the curb. Claimant testified that he was unable to drive onto the other lane of traffic due to oncoming vehicles. Claimant stated that he notified respondent of the condition of the road prior to this incident. As a result, claimant’s vehicle sustained damage to its rim in the amount of $485.58. Claimant’s insurance deductible at the time of the incident was $250.00. Thus, claimant’s recovery is limited to that amount.
The position of the respondent is that it did not have actual or constructive notice of the holes on Virginia Avenue. David Cava, Highway Administrator for respondent in Harrison County, testified that the holes on the road are caused by drainage problems due to a natural spring in this area. He stated that maintenance of the drains and the sidewalks are the responsibility of the city. He testified that respondent patches this road approximately three times a year in the summer months. Since respondent had run out of winter grade patching material, respondent was unable to patch holes until the hot asphalt plants opened, which was after this incident occurred. The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the holes in this particular area and that the holes created a hazardous condition to the traveling public. Consequently, there is sufficient evidence of negligence to base an award. Notwithstanding the negligence of respondent, the Court is also of the opinion that claimant over- corrected his vehicle when his vehicle struck the curb. Claimant also was aware of the condition on the roadway. In a comparative negligence jurisdiction, such as West Virginia, claimant’s negligence can reduce or bar recovery in a claim. Based on the above, the Court finds that the negligence of claimant equals twenty-percent (20%) of his loss. Since the negligence of claimant is not greater than or equal to the negligence of respondent, claimant may recover eighty-percent (80%) of the loss sustained, for an award in the amount of $200.00.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to claimant in the amount of $200.00.
Award of $200.00.